### YOUNG v. EVANTS et al.

(Circuit Court of Appeals, Fifth Circuit. April 15, 1918.)

No. 3207.

BANKRUPTCY ⟪⟫303(3)—SUIT BY TRUSTEE—FRAUDULENT CONVEYANCE.

Evidence *held* to sustain a decree for defendants in a suit by a trustee to set aside a conveyance of real estate by bankrupt and his wife prior to the bankruptcy; it appearing that the property was the separate estate of the wife, and was also at the time of the sale occupied by bankrupt and his wife as a homestead.

Appeal from the District Court of the United States for the Northern District of Texas; George W. Jack, Judge.

Suit in equity by Towne Young, trustee in bankruptcy, against Samuel Shipman Evants, the bankrupt, and others. Decree for defendants, and complainant appeals. Affirmed.

W. J. Rutledge, Jr., of Dallas, Tex., for appellant.

Joseph E. Cockrell and Lawrence C. McBride, both of Dallas, Tex., for appellees.

Before WALKER and BATTS, Circuit Judges, and GRUBB, District Judge.

BATTS, Circuit Judge. Towne Young, as trustee of S. S. Evants, bankrupt, filed suit, praying for the cancellation of conveyances of certain lots in Dallas, from Evants and wife to Irwin, and from Irwin to Daniel. The property in controversy was conveyed to Heskie L. Evants, wife of the bankrupt; the deed reciting that the consideration was paid and payable by her, and that the property was her separate estate. The property was worth $17,000, and the indebtedness assumed as a part of the purchase price was $13,000. The bankrupt testified:

"My wife. at the time of our marriage, had between $4,000 and $5,000." * * * " At my instance these five Oak Cliff lots were conveyed to Heskie L. Evants, and at that time she claimed as her separate estate the money which I owed her, and which I received from her mother's estate in Mississippi about the time of her marriage. All of the property claimed by her as her separate estate was this indebtedness."

At the time of this conveyance no reason existed why Evants could not discharge the indebtedness to his wife; and under the facts as recited in the deed, and as testified to by Evants, the property, at least to the extent of its value in excess of the indebtedness against it, became the separate property of Mrs. Evants, and could not have passed to the trustee by the bankruptcy. Evants testified with reference to the property:

"From the time it was conveyed to me I lived on the property as my home."

---

⟪⟫For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

There is nothing in the record to contradict this statement, and, even if the property had not been the separate estate of Mrs. Evants, the conveyance to Irwin would have been good as against creditors.

It is insisted that the sale to Irwin was simulated. If the property had been community property, or the separate estate of Evants, and the sale to Irwin simulated, and the homestead thereafter abandoned prior to the bankruptcy, and the subsequent sale by Irwin to Daniel with notice or without a valuable consideration, the trustee could recover. The court, however, would have been warranted in finding that the property was the separate property of Mrs. Evants, that it was homestead at the time of the sale to Irwin, that the sale to Irwin was bona fide, and that the conveyance to Daniel was for a valuable consideration and without notice of any fact adversely affecting the title.

The judgment is affirmed.